**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GREGORY A. STEENBURG,

Plaintiff,

- v -

9:26-CV-527
(AJB/DJS)

KIM SALM and MICHAEL SLACK,

Defendants.

**APPEARANCES:** **OF COUNSEL:**

GREGORY A. STEENBURG
Plaintiff, *Pro Se*
24-B-3956
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

MURPHY BURNS GROUDINE LLP — STEPHEN M. GROUDINE, ESQ
Attorney for Defendants
407 Albany Shaker Road
Loudonville, New York 12211

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

*Pro se* Plaintiff commenced this action while being incarcerated at the Herkimer County Correctional Facility. Dkt. No. 1, Compl. He was subsequently moved to the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and housed at Elmira Correctional Facility. *See* Dkt. No. 6. This lawsuit alleged various constitutional rights violations by individuals at the Herkimer County

facility. Compl. at pp. 6-11. Upon review under 28 U.S.C. §§ 1915(e) & 1915A, the District Court dismissed all but Plaintiff's First Amendment retaliation claims against Salm and Slack. Dkt. No. 5.

Presently pending is a Motion to Dismiss filed by Defendants based on the expiration of the statute of limitations. Dkt. No. 11. The Clerk provided notice that Plaintiff's response deadline was June 25, 2026. Dkt. No. 12. That notice, mailed to Plaintiff's address of record, was returned as undeliverable. Dkt. No. 13. No response was received to the Motion and this Court *sua sponte* granted Plaintiff additional time to respond, Dkt. No. 14, but that Order too was returned as undeliverable. Dkt. No. 15. Plaintiff has not responded to the Motion. DOCCS records indicate that Plaintiff was released from custody on May 28, 2026. https://nysdoccslookup.doccs.ny.gov/.

## I. FED. R. CIV. P. 41

Before turning to Defendants' Motion, the Court notes that Plaintiff has failed to comply with the requirements of this Court's Local Rules which direct that "**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address**." L.R. 10.1(c)(2) (emphasis in original). A party's failure to provide such information is grounds for dismissal. L.R. 41.2(b).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised

when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Upon consideration of the standards articulated in *Lewis* and *Lucas*, the Court recommends that dismissal under this Rule is appropriate here. This Court's Local Rules place the burden on litigants proceeding *pro se* to keep the Court apprised of their address so that the Court can communicate with them. L.R. 10.1(c)(2). The Court has had no communication from Plaintiff since April 2026. Dkt. No. 4. Mail from this Court to Plaintiff's address of record has consistently been returned as undeliverable. Dkt. Nos. 13 & 15. Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and comply with Court deadlines and the consequences of his

failure to comply. *See* Dkt. No. 5 at p. 19. Given Plaintiff's failure to notify the Court of his current address any further warnings to Plaintiff would naturally fall on deaf ears.

This case cannot proceed without the participation of Plaintiff, and his absence clearly prejudices Defendants' ability to defend the case on the merits. *Reid v. Russell*, 2020 WL 1250427, at *2 (N.D.N.Y. Feb. 12, 2020), *report and recommendation adopted*, 2020 WL 1245405 (N.D.N.Y. Mar. 16, 2020). Under these circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case and weighs in favor of the dismissal of this action. Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the meaningful ability to communicate with Plaintiff, however, there is no way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been and is not likely to be fruitful, since he has failed to do so for some months now.

In sum, the Court recommends that this action be dismissed.

## II. MOTION TO DISMISS

### A. Legal Standard

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is

entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The Court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Int'l Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 (1963). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to plaintiff's allegations, it is not

proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

Where, as here, the complaint was filed *pro se*, it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Nonetheless, a *pro se* complaint must state a plausible claim for relief. *See Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009).

**B. Statute of Limitations**

In New York, the statute of limitations for a section 1983 claim is three years. *K.W. on behalf of K.A. v. City of New York*, 177 F.4th 127, 150 (2d Cir. 2026); *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023). "Under federal law, claims brought pursuant to Section 1983 'typically accrue when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *K.W. on behalf of K.A. v. City of New York*, 177 F.4th at 150 (quoting *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023)). Defendants allege that this action, commenced in 2026, is untimely because Plaintiff's only retaliation claim dates to 2022 and is thus outside the three year limitations period. Dkt. No. 11-1, Defs.' Mem. of Law at p. 3.

The Complaint alleges that on November 22, 2022, Plaintiff submitted legal documents to Defendant Salm for copying. Compl. at p. 6. When Plaintiff had not received his copies, he submitted another request but was eventually told by Salm that she did not have his documents. *Id.* Plaintiff then filed a grievance on December 6, 2022. *Id.* Plaintiff further alleges that two days later Defendants Salm and Slack, along with several correctional officers, came to his cell and threatened Plaintiff to withdraw his grievance. Compl. at p. 7. Plaintiff states he did so out of fear of retaliation. *Id.*

That claim, having occurred in December 2022, is untimely in an action commenced in 2026. *K.W. on behalf of K.A. v. City of New York*, 177 F.4th at 150; *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th at 108. The Court, therefore, recommends that the Motion be granted as to that event.

The District Court's Order noted that "First Amendment retaliation claims," plural, could proceed against Defendants. Dkt. No. 5 at p. 13. The Complaint alleges multiple other incidents, which are within the three year statute of limitations period. *See* Dkt. No. 5 at pp. 5-6 (citing Compl. at pp. 7-11). As to those incidents, Defendants state only that the December 2022 incident "appears to be the only date where any retaliatory conduct on behalf of these two defendants is arguably and/or plausibly alleged to have occurred." Defs.' Mem. of Law at p. 3. That is not a statute of limitations argument, but one on the merits of the claim and the Motion makes no specific arguments as to the merits. The Court will not recommend dismissal of the remaining potential incidents on that basis.

The Court, therefore, recommends that the Motion to Dismiss be granted as to the

December 2022 event alleged in the Complaint but otherwise be denied.

## III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Complaint be **DISMISSED** pursuant to FED. R. CIV. P. 41 and L.R. 41 based on Plaintiff's failure to prosecute; and in the alternative it is also

**RECOMMENDED**, that Defendant's Motion to Dismiss (Dkt. No. 11) be **GRANTED in part and DENIED in part**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action. The Report-Recommendation shall be served upon Plaintiff at his last known address.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS[1] WILL PRECLUDE APPELLATE REVIEW.** *Roldan v.*

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

*Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

Date: October 1, 2026
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

2020 WL 1250427
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Joseph Jamard REID, Plaintiff,
v.
C.O. RUSSELL, et al., Defendants.

Civ. No. 9:18-CV-44 (BKS/DJS)
|
Signed 02/12/2020

**Attorneys and Law Firms**

JOSEPH JAMARD REID, Plaintiff, Pro Se, Clark's Thomas Men's Shelter, 121 Hell Gate Circle, New York, New York 10035.

OF COUNSEL: JOSHUA E. McMAHON, ESQ., Assistant Attorney General., HON. LETITIA JAMES, Attorney General of the State of New York, Attorney for Defendants, The Capitol, Albany, New York 12224.

**REPORT-RECOMMENDATION AND ORDER**

DANIEL J. STEWART, United States Magistrate Judge

***1** *Pro se* Plaintiff Joseph Reid brought this action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. Presently pending is Defendants' Motion to Dismiss the Complaint, pursuant to FED. R. CIV. P. 41(b), based on Plaintiff's failure to prosecute. Dkt. No. 81. Plaintiff has not filed a response to the Motion. For the reasons which follow, the Court recommends that the Motion to Dismiss be granted.

## I. DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 41

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see* *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See* *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address**." (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted). Indeed,

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998). The Court has not had any communication from Plaintiff since August 2019. Dkt. No. 74. Since that time all mail sent by the Court to Plaintiff's last address of record has been returned as undeliverable. Dkt. Nos. 79, 80, & 83. Defendants' attempts to contact Plaintiff have also resulted in their notices to him being returned as undeliverable. Dkt. No. 81-1, McMahon Decl. at ¶¶ 9, 11, & 16. As a result, the Court has no means by which to effectively communicate with him. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendant of his current address is itself a basis for dismissal. *Fenza v. Conklin, 177* F.R.D. at 127.

***2** Consideration of the standards articulated in *Lewis* and *Lucas* further supports granting this Motion. Plaintiff's failure to prosecute and comply with the Court's procedural rules have caused a significant delay. Defendants have now made five unsuccessful attempts to depose Plaintiff. McMahon Decl. at ¶¶ 8-9 & 16. Defendants' inability to conduct a deposition clearly prejudices their ability to defend the case. Defendants are likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and the consequences of his failure to comply. *See* Dkt. No. 15 at p. 25; Dkt. No. 78. Any further warnings to Plaintiff would naturally fall on deaf ears as the Court has no way of contacting him. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case and weighs in favor of the dismissal of this action. Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, I recommend that this action be dismissed.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 81) be **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action. The Report-Recommendation shall be served upon Plaintiff at his last known address.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS** [1] **WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

1 If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

### All Citations

Not Reported in Fed. Supp., 2020 WL 1250427

End of Document © 2026 Thomson Reuters. No claim to original U.S. Government Works.