**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

GREGORY A. STEENBURG,

Plaintiff,

-v- 9:26-CV-527 (AJB/DJS)

KIM SALM *et al.*,

Defendants.

---

**Hon. Anthony Brindisi, U.S. District Judge:**

**ORDER ON REPORT & RECOMMENDATION**

On April 2, 2026, *pro se* plaintiff Gregory A. Steenburg ("plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights while he was being held at Herkimer County Correctional Facility. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3.

On May 7, 2026, the Court granted plaintiff's IFP Application and, after conducting an initial review of the complaint, concluded that only plaintiff's individual-capacity § 1983 damages claims under the First Amendment for retaliation survived initial review and required a response from defendants Salm and Slack. Dkt. No. 5. Thereafter, defendants Salm and Slack moved to dismiss the complaint for failure to state any plausible claims for relief. Dkt. No. 11. Although the Clerk of the Court made multiple attempts, Dkt. Nos. 12, 14, mailings from the Court advising

plaintiff of the need to respond or oppose defendants' motion were returned as undeliverable, Dkt. Nos. 13, 15. To date, plaintiff has not responded to or opposed the motion.[1]

On October 1, 2026, U.S. Magistrate Judge Daniel J. Stewart advised by Report & Recommendation ("R&R") that defendants' motion to dismiss be granted in part and denied in part and plaintiff's complaint be *sua sponte* dismissed for failure to prosecute. Dkt. No. 16. As Judge Stewart explained, plaintiff had failed to comply with Local Rule 10.1(c)(2), which requires *pro se* litigants to promptly notify the Court of any change of address. *See id*. Judge Stewart concluded that, after balancing the relevant factors, *sua sponte* dismissal was warranted under Rule 41 of the Federal Rules of Civil Procedure. *See id*. Judge Stewart further reasoned that defendants' motion to dismiss should be granted in part because any § 1983 retaliation claims based on the December 2022 event identified in plaintiff's pleading would be time-barred. *See id*.

Plaintiff has not objected to the R&R—in fact, the copy of the R&R that the Court mailed to plaintiff has also been returned as undeliverable. Dkt. No. 17. Upon review for clear error, the R&R is accepted and will be adopted. *See* Fed. R. Civ. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 16) is ACCEPTED;

2. Defendants' motion to dismiss (Dkt. No. 11) is GRANTED in part and DENIED in part; and

3. Plaintiff's complaint (Dkt. No. 1) is *sua sponte* DISMISSED for failure to prosecute.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

---

[1] DOCCS records indicate that Plaintiff was released from custody on May 28, 2026.

**IT IS SO ORDERED.**

Dated: October 23, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge